5L 176
7L 610
16L 416

A. W. HOWARD *v.* MATILDA JENKINS *et al.*

1. ATTACHMENT. *Publication.* An order for an attachment may be general, and need not contain all the recitals prescribed for the notice by publication.

2. CHANCERY PLEADINGS AND PRACTICE. *Decrees. Recitals in.* The recital in an order, taking a bill for confessed, that publication has been regularly made, is sufficient to sustain attachment proceedings against collateral attack, or even from a direct attack by appeal, in the absence of anything in the record showing that the recital was erroneous.

3. ATTACHMENT. *Publication.* The notice of publication, under the Code, sec. 3522, is not required by that section to show that the attachment was levied.

FROM GREENE.

Appeal from the Chancery Court at Greeneville. H. C. SMITH, Ch.

A. B. WILSON for complainant.

R. M. McKEE for defendants.

COOPER, J., delivered the opinion of the court.

The defendant, O. B. Headerick, is administrator, with the will annexed, of Thomas Phillips, deceased, and the other defendants are legatees under his will, and residents of the State of Texas. These legatees are indebted to complainant for professional services in a suit attacking the validity of the will. He filed this bill attaching so much of the legacies going to

his clients as was required to satisfy his fees and the costs. Headerick was served with process, and the other defendants were proceeded against by attachment and publication. The bill was taken for confessed against all the defendants, except an infant, who appeared and answered by guardian *ad litem.* Such proceedings were had that a final decree was rendered in favor of the complainant, and Headerick alone appealed.

The objection taken, is that the decree is void because the published notice for the non residents does not show that the attachment was levied. *Riley* v. *Nichols,* 1 Heis., 16. Upon examination of the record, this argument rests upon the fact that the clerk's order of publication does not contain the recital mentioned, and it is therefore assumed that the publication strictly pursued the order. But the order may be made at the time that the attachment is granted, and therefore before the levy of the attachment, which consequently it could not recite, and may be general. Code, secs. 3518, 3519. The actual publication does not appear in this record, but the order taking the bill for confessed recites that it has been "regularly made." This recital is sufficient to sustain the proceedings against a collateral attack. *Kilcrease* v. *Blythe,* 6 Hum., 378; *Gilchrist* v. *Cannon,* 1 Cold., 587; *Walker* v. *Cottrell,* 6 Baxt., 257. The decree is, therefore, not void. It is at most only voidable at the instance of the non-residents coming in and making defense. In that event the proceedings would be only erroneous, and the cause should be remanded to the

12—VOL. 5.

rules in order that proper publication be made. *Guthrie*
v. *Brown*, 10 Heis., 380. The recital in the order
*pro confesso* is also sufficient to sustain the regularity
of the proceedings, even upon appeal by the non-resi-
dents, in the absence of anything in the record show-
ing that the recital was erroneous. *Kyle* v. *Philips*,
6 Baxt., 43. The appellant in this case cannot, how-
ever, assign error for the non-resident defendants.
There being no error as to him, he has no status
in this court, and so his learned counsel concedes,
unless the decree below is void.

It may not be improper to add, that the decision
in *Riley* v. *Nichols*, 1 Heis., 16, only is that a pub-
lication, under a judicial attachment at law, will not
give the court jurisdiction unless it contains the re-
quirements prescribed by the Code, sec. 3522. That
section does not require the notice of publication to
show that the attachment has been issued and levied.
*Bains* v. *Perry*, 1 Lea, 39.

Affirm the decree. The appellant will pay the
costs of this court.